IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

VICKY L. HAMPTON                                                                                    PLAINTIFF

vs.                                              Civil No. 04-1125

JO ANNE B. BARNHART,
Commissioner, Social Security Administration                                            DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

Vicky L. Hampton (hereinafter "Plaintiff"), has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her claims for a period of disability and disability insurance benefits (hereinafter "DIB"), pursuant to *§§ 216(i) and 223* of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i) and 423*, and for supplemental security income (hereinafter "SSI") benefits, pursuant to *§ 1602 of Title XVI, 42 U.S.C. § 1381a*. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

The parties have each filed appeal briefs (Doc. #6 & 8). The history of the administrative proceedings is contained in the respective briefs and will not be recited herein, except as is necessary.

It should be noted that on May 16, 2005, the Commissioner filed a Motion to Introduce Additional Evidence (Doc. #7). However, the Commissioner failed to file a Brief in Support of said Motion, as required by Local Rule 7.2 of the United States District Court for the Western

District of Arkansas[1]. On June 3, 2005, the Plaintiff responded to the motion, stating that: 1) the Motion should be denied; 2) said additional information had not been provided to Plaintiff or her counsel; and, 3) "Plaintiff concedes that she has had unsuccessful attempts to return to work and has had a successful return to work beginning in March of 2004" (Doc. #9, p.1). Although the Commissioner stated that she sought to introduce additional evidence with respect to Plaintiff's earnings, said evidence was not appended to the motion for review by the Court (Doc. #7). Based upon these deficiencies, on February 9, 2006, the undersigned ordered the parties to submit briefs and/or the additional evidence to be considered with respect to the Commissioner's Motion to Introduce Additional Evidence and Plaintiff's response thereto (Doc. #12). Said order directed the parties to submit the briefs and the proposed additional evidence no later than March 8, 2006 (Doc. #7). Said order specifically stated that "[n]o extensions of time will be granted" (Doc. #12). Neither party complied on or before March 8, 2006. However, on March 8, 2006, Plaintiff filed a Motion for Extension of Time to File Supplemental Brief (Doc. #13). On March 17, 2006, the undersigned denied Plaintiff's motion for additional time within which to file her supplemental brief and/or documents (Doc. #14). On March 17, the undersigned denied the Commissioner's Motion to admit additional evidence (Doc. #15). On March 22, 2006, the Commissioner filed a Motion for Extension of Time to File Brief Out of Time (Doc. #16). Without obtaining a ruling on said motion, the Commissioner file a supplemental brief with attached additional evidence (Doc. #17). Within

---

[1] Local Rule 7.2 provides that all motions, unless specifically exempted, shall be accompanied by a brief consisting of a concise statement of relevant facts and applicable law. The motion at issue is not an exempted from the requirement that a brief must accompany the motion.

the Motion for Extension of Time to File Brief Out of Time, the Commissioner clearly states the chronology of the relevant pleadings and acknowledges the undersigned's denial of Plaintiff's similar motion. The Commissioner's Motion for Extension of Time to File Brief Out of Time (Doc. #16) should be and hereby is denied. Additionally, the Commissioner's Supplemental Brief, and the associated attachments thereto (Doc. #17), were filed in an untimely manner, without leave of the Court. Therefore, the Commissioner's Supplemental Brief and attachments thereto (Doc. #17) should be and is hereby stricken from the record.

Plaintiff's applications for DIB and SSI which are now before the undersigned were filed on August 17, 2001, alleging an onset date of disability of August 15, 2001 (T. 57). Plaintiff alleges that she is disabled due to: anxiety; depression; suicidal ideation and attempts; pain; edema; migraine headaches; gout; herniated discs at L4-5 and L5-S1; arrythmia; surgical treatment of arrythmia; dizziness; carpal tunnel syndrome; carpal tunnel release surgery; bilateral ulnar neuropathy; and, pain. The issue before this Court is whether the decision of the Commissioner is supported by substantial record evidence.

The administrative hearing was conducted on October 9, 2003 (T. 622-645), after which the ALJ rendered an adverse decision on July 22, 2004 (T. 12-14).

Plaintiff then requested review of the ALJ's decision by the Appeals Council (T. 9). On October 16, 2004, the Appeals Council denied Plaintiff's request for review (T. 6-8), thereby making the decision of the ALJ the final decision of the Commissioner. From that decision, Plaintiff appeals (Doc. #1, 6, 9). The Commissioner supports her decision, urging the undersigned to affirm this matter (Doc. #8). This matter is before the undersigned by consent of the parties (Doc. #10 & 11).

AO72A
(Rev. 8/82)

**Applicable Law:**

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000); see also Craig v. Apfel 212 F.3d 433, 435-436 (8th Cir. 2000).* Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion. *See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999).* In considering whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See Prosch, 201 F.3d at 1012.* We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. *See id.*

In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).* Even if this Court might have weighed the evidence differently, the decision of the ALJ may not be reversed if there is enough evidence in the record to support the decision. *Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).* It is well settled that proof of a disabling impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan, 981 F.2d 976, 978 (8th Cir. 1992).*

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial

AO72A
(Rev. 8/82)

gainful activity. *20 C.F.R. § 416.920(b)*. If the claimant is so involved, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether claimant has a severe impairment or combination of impairments. *Id., § 416.920(c); see 20 C.F.R. § 416.926*. If not, benefits are denied; if so, the evaluation proceeds to the next step.

The third step involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 416.920(d)*. If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 416.920(e)*. If so, benefits are denied; if not, the evaluation continues.

The fifth step involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given the claimant's age, education and work experience. *Id., § 404.920(f)*. If so, benefits are denied; if not, benefits are awarded.

## Discussion:

The ALJ in this case found that Plaintiff engaged in substantial gainful activity in 2002 and ceased his analysis at step one of the sequential analysis mentioned above (T. 13), Specifically, the ALJ stated:

> Every effort has been made to develop the record and the claimant's complete medical history to insure that her interests are properly considered. The Administrative Law Judge finds that the record is adequate to determine whether the [Plaintiff] is disabled, and that no further evidence is required (T. 12).

\*\*\*

> The claimant is 42 years old and has a high school education. To be entitled to a period of disability and disability insurance benefits, the claimant must be disabled on or before the date her disability insured status expires. (20 C.F.R. §§ 404.130 et seq. and 404.315) The claimant met the disability insured status requirements of the Act on August 15, 2001, and continues to meet them at least through December 31, 2007.
>
> Initially, the Administrative Law Judge must determine whether the claimant engaged in substantial gainful activity since the date on which she alleges the onset of her disability. The claimant testified at the hearing that she stopped working after 2001. However, the record indicates that in 2002, the claimant earned $10,294.25. (Exhibit 1D). Typically, if a claimant earned more than $9,360 in 2002, she is considered to have engaged in substantial gainful activity. (20 C.F.R. §§ 404.1574(b)(2)(vi) and 416.974(b)(2)(vi). Thus, the claimant's work activity in 2002 constitutes substantial gainful activity.
>
> Social Security Ruling 82-52 states "when the return to work demonstrating ability to engage in substantial gainful activity occurs before approval of the award and prior to the lapse of the 12-month waiting period after onset, the claim must be denied." In this case, no entitlement to benefits had been established prior to the claimant's work which resumed or continued less than one year after her alleged onset date. The ruling makes it clear that the claim must be denied and the undersigned so finds.
>
> Because the claimant is capable of performing substantial gainful activity, the undersigned hereby finds that the claimant is not disabled withing the meaning of the Social Security Act, based on the application[s] filed on August 17, 2001.

(T. 13).

The relevant time period at issue for Plaintiff's DIB claim begins with the alleged onset date of August 15, 2001, and ends with the date of the ALJ's decision, July 22, 2004. For purposes of Plaintiff's SSI claim, the relevant time period begins with the date the application was filed, August 17, 2001, and also ends with the date of the ALJ's decision, July 22, 2004.

As the above quotation indicates, the ALJ based his decision upon the evidence of Plaintiff's earnings in the years 2001 and 2002 (T. 13, 56). The evidence of Plaintiff's earnings

AO72A
(Rev. 8/82)

from 1979 to 2002 is located at page 56 of the administrative transcript. This evidence is a summary of FICA earnings credited to Plaintiff and includes a total amount for each year. There is no evidence of record to guide the ALJ as to which month or which quarter these amounts were earned by Plaintiff for a given year. Although the amount at issue in 2002 does in fact meet the amount of money required to establish substantial gainful employment, there is no evidence of record to establish what portion of 2002 said monies were earned.

As noted earlier, the relevant time periods for Plaintiff's DIB and SSI applications span from August of 2001 through July of 2004. Therefore, the relevant time periods for both of Plaintiff's applications for benefits necessarily include the year of 2003 in it's entirety, as well as 7 months of the year 2004. However, the administrative record includes no evidence with respect to Plaintiff's earnings for the 12 months of 2003 or the first 7 months of 2004. Likewise, the ALJ's decision of July 22, 2004, makes no mention of these last 19 months of the relevant time period. The ALJ merely relied upon the summary of Plaintiff's earnings in 2001 and 2002 and stopped the sequential analysis at step one. No portion of the ALJ's decision addresses the entirety of the relevant time periods for Plaintiff's SSI and DIB claims. The administrative record does not contain evidence of Plaintiff's earnings in the years of 2003 and 2004, both of which are within the relevant time period. Because Plaintiff's earnings records for the years 2003 and 2004 are relevant to Plaintiff's claims for benefits, said records should have been considered by the ALJ before he determined that the sequential analysis should stop at step 1.

In order to be found disabled, a claimant must meet several requirements. One such requirement can be found at *20 C.F.R. § 1509*, which provides as follows:

> Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement.

Since the relevant time periods for each of Plaintiff's claims continue through July 22, 2004, the administrative record should have included Plaintiff's earnings through the year of 2004. However, the only earnings records included in the administrative record end in 2002. Therefore, the record was not fully or fairly developed.

The United States Court of Appeals for the Eighth Circuit has stated numerous times that it is the ALJ who has the duty to fully and fairly develop the record, even if a plaintiff is represented by counsel. *Wilcutts v. Apfel, 143 F.3d 1134, 1137-38 (8th Cir.1998)*. The Commissioner acknowledges that it is her " 'duty to develop the record fully and fairly, even if ... the claimant is represented by counsel.' " *Boyd v. Sullivan, 960 F.2d 733, 736 (8th Cir.1992) (quoting Warner v. Heckler, 722 F.2d 428, 431 (8th Cir.1983))*. This is so because an administrative hearing is not an adversarial proceeding. *Henrie v. Dept. of Health & Human Serv., 13 F.3d 359, 361 (10th Cir. 1993)*. "[T]he goals of the Secretary and the advocates should be the same: that deserving claimants who apply for benefits receive justice." *Battles v. Shalala, 36 F.3d 43, 44 (8th Cir.1994)*.

Here, the ALJ failed to fully and fairly develop the record. Therefore, this case should be remanded.

**Conclusion:**

For the foregoing reasons, the decision of the ALJ should be reversed. This matter should be remanded to the Commissioner for further consideration and proceedings consistent with this decision. In light of the Court's decision to remand, all other issues raised by Plaintiff

AO72A
(Rev. 8/82)

are rendered moot.

ENTERED this 30th day of March, 2006.

                                                               /s/Bobby E. Shepherd
                                                               Honorable Bobby E. Shepherd
                                                               United States Magistrate Judge

**AO72A**
**(Rev. 8/82)**